IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JESSIE COBBINS and ROBERT COBBINS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 15-0031-CV-W-ODS ) |
| J.E. DUNN CONSTRUCTION CO., et al., | ) ) ) |
| Defendants. | ) ) |

### ORDER AND OPINION GRANTING DEFENDANTS' MOTIONS TO EXCLUDE PLAINTIFFS' EXPERT WITNESSES

Pending are Defendant J.E. Dunn Construction Company's Second Motion to Exclude Testimony from Plaintiffs' Purported Expert Witnesses (Doc. #73), Defendant Skyline Design, Inc.'s Second Motion to Exclude Testimony from Plaintiffs' Purported Expert Witnesses (Doc. #74), Defendant Insulite Glass Company, Inc.,'s Second Motion to Exclude Testimony from Plaintiffs' Purported Expert Witnesses (Doc. #75), Defendant Cimmaron Electric, Inc.'s Second Motion to Exclude Testimony from Plaintiffs' Expert Witnesses (Doc. #76), and Defendant The Bratton Corporation's Second Motion to Exclude Testimony from Plaintiffs' Expert Witnesses (Doc. #84). Although entitled as motions to strike, Defendants seek to strike the testimony of one expert and limit the testimony of another expert. For the following reasons, Defendants' motions are granted.

### I.     BACKGROUND

This matter was filed in the Circuit Court of Jackson County, Missouri in October 2014. It was removed to this Court in January 2015. Plaintiffs amended their complaint in September 2015, adding an additional party, and as a result, the Scheduling and Trial Order was amended. Doc. #41. In that Order, Plaintiffs were required to disclose their expert witnesses on or before January 2, 2016. *Id.*

Beginning in late January, Defendants filed motions to exclude Plaintiffs' expert witnesses. Docs. #48, 50-52, 56. While those motions were pending, Plaintiffs' counsel, Robert Ball and Martin Gorin, sought leave to withdraw. Doc. #59. On March 24, 2016, the Court granted counsel's motion, and in the same Order, denied the motions to exclude Plaintiffs' expert witnesses without prejudice and set a new deadline for Plaintiffs to disclose their expert witnesses. Doc. #67. Plaintiffs' new deadline to disclose expert witnesses was May 6, 2016. *Id.*

Beginning in mid-May, Defendants renewed their motions to strike Plaintiffs' expert witnesses, arguing that Plaintiffs failed to timely disclose their experts, Mark Meshulam and Dr. J. Douglas Cusick. Docs. #73-76. After Plaintiffs failed to respond to the first four motions to strike, on June 6, 2016, the Court directed Plaintiffs to show cause as to why the motions should not be granted. Doc. #79. After the Court's Order was entered and before Plaintiffs responded to the Court's Order, the fifth motion to strike was filed on June 15, 2016. Doc. #84.

On June 24, 2016, Plaintiffs, who are proceeding *pro se*, responded to the Court's June 6, 2016 Order. Doc. #87. Therein, Plaintiffs state they received notice that Mr. Ball and Mr. Gorin withdrew from the case, and they began searching for an attorney but have been unsuccessful in obtaining legal representation. *Id.* Plaintiffs request additional time to search for counsel to assist them in this matter. *Id.* Plaintiffs, however, have had more than three months to obtain legal counsel, and therefore, the Court denies Plaintiffs' request.

Plaintiffs' response did not address Defendants' motions to strike Plaintiffs' expert witnesses and did not seek leave to designate their experts out of time. *Id.* Additionally, Plaintiffs failed to respond to the fifth motion to strike, and the time for responding has passed. At this point, Defendants' five motions to strike Plaintiffs' expert witnesses are ripe for consideration.

## II. STANDARD

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires an expert witness to provide a written report that "must contain" the following:

2

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). Parties are also required to supplement their expert disclosures. Fed. R. Civ. P. 26(a)(2)(E), 26(e).

Rule 37 of the Federal Rules of Civil Procedure states "[i]f a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to use the information...at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). District courts consider several factors when determining whether a Rule 26 violation is justified or harmless, including (1) prejudice or surprise to the party against whom the testimony is offered, (2) the party's ability to cure the prejudice, (3) the extent to which introducing the testimony would disrupt trial, and (4) the moving party's bad faith or willfulness. *Rodrick v. Wal-Mart Stores E., L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012) (citation omitted). A district court is not required to make explicit findings regarding the existence of substantial justification or harmlessness. *Id.*

### III. DISCUSSION

"The purpose of our modern discovery procedure is to narrow the issues, to eliminate surprise, and to achieve substantial justice." *Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993) (citation omitted). Rule 26(a)(2)(B) ensures an expert report is complete, detailed, and in compliance with Rule 26, and therefore, surprise is eliminated and costs are conserved. *See Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995) (citation omitted); *King v. Reed, LLC*, Case No. 07-CV-1908, 2008 WL 7514360, at * 2 (D. Minn. Oct. 6, 2008) (citation omitted).

#### A. Mark Meshulam

Defendants seek to strike Mr. Meshulam's testimony due to Plaintiffs' failure to comply with Rule 26 of the Federal Rules of Civil Procedure. Contrary to the

3

requirements set forth in Rule 26, only Mr. Meshulam's biographical information has been provided to Defendants. Although given additional time and opportunity to provide the other required information and documents to Defendants, Plaintiffs have still failed to provide, at a minimum, Mr. Meshulam's complete statement of all opinions he would express and the basis and reasons for those opinions, the facts or data considered by him in forming those opinions, and the exhibits he will use to summarize or support his opinions.

Because Plaintiffs failed to provide the required information and documents, Rule 37 of the Federal Rules of Civil Procedure forbids Plaintiffs from utilizing the expert witness unless the violation is justified or harmless. Fed. R. Civ. P. 37(c)(1). Here, the Court not only denied the initial motions to strike Plaintiffs' expert witnesses, but it also provided Plaintiffs an additional six weeks to correct the errors related to their expert witnesses. Given that Mr. Meshulam's opinions are wholly unknown, Defendants would be prejudiced and surprised if Mr. Meshulam was permitted to testify at trial. Accordingly, Defendants' motions are granted, and Mr. Meshulam's testimony is stricken.

### B. Dr. J. Douglas Cusick

Defendants seek to limit the testimony of Dr. Cusick, who is a treating physician. As set forth in the Court's Scheduling and Trial Order, the requirements of Rule 26(a)(2)(B) are met with regard to treating physicians when the offering party provides a copy of all the treating physician's files, records, and notes relating to the treating physician's patient to the opposing party. Doc. #19, at 2. "Any testimony offered by a treating physician will be limited to information appearing in his/her files, records and notes relating to the patient unless additional opinions are disclosed in an affidavit or in the physician's deposition…." *Id.* Based upon the motions before the Court, it appears that at least some of Dr. Cusick's treatment records have been produced to Defendants. Doc. #73, at 4-5. Defendants seek to limit Dr. Cusick's testimony to the information contained in Dr. Cusick's records that have been produced to Defendants. Pursuant to Rule 26 and the Court's Scheduling and Trial Order, Dr. Cusick's testimony will be

4

limited to information appearing in Dr. Cusick's records produced to Defendants or disclosed during his deposition.

## IV. CONCLUSION

Defendants' motions are granted. The Court strikes Mr. Meshulam as an expert witness, and limits Dr. Cusick's testimony to the information appearing in his records that were produced to Defendants or disclosed during his deposition.

IT IS SO ORDERED.

DATE: July 12, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT